[NOT YET SCHEDULED FOR ORAL ARGUMENT]

No. 25-5326

# United States Court of Appeals
## *for the*
## District of Columbia Circuit

LISA D. COOK,
in her official capacity as a member of the Board of Governors of the Federal Reserve System and her personal capacity,

*Plaintiff-Appellee*,

v.

DONALD J. TRUMP, in his official capacity
as President of the United States, *et al.*,

*Defendants-Appellants*.

On Appeal from the United States District Court for
the District of Columbia (Case No. 1:25-cv-02903-JMC)

**PLAINTIFF-APPELLEE'S OPPOSITION TO THE
EMERGENCY MOTION FOR AN ADMINISTRATIVE STAY**

Norman L. Eisen
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue, S.E.
SE #15180
Washington, DC 20003
T: (202) 601-8678
norman@democracydefenders.org

Abbe David Lowell
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellPublicOutreach@
lowellandassociates.com

Plaintiff-Appellee Lisa D. Cook ("Governor Cook") respectfully opposes the entry of an administrative stay. Subject to the Court's permission, Governor Cook proposes to separately file a memorandum in opposition to the Government's motion for a stay pending appeal by September 18, 2025.

The extraordinary remedy of an administrative stay is wholly unwarranted in this case. *See, e.g.*, *KalshiEX LLC v. Commodity Futures Trading Comm'n*, 119 F.4th 58, 63 (D.C. Cir. 2024). The Government has identified no exigency that would justify an immediate administrative stay that would operate to disrupt the status quo. At all times during this litigation, Governor Cook has been performing her duties as a duly-nominated and confirmed member of the Federal Reserve Board—and the district court's September 9, 2025 order has confirmed that her purported removal was unlawful. Critically, Governor Cook's duties have included preparing for next week's (September 16–17, 2025) Federal Open Market Committee (FOMC) policy meeting, at which she and other members of the FOMC will review the Federal Reserve's monetary policy, issue statements on market outlook, and vote on interest rates. An administrative stay would threaten Governor Cook's participation in next week's meeting and potentially plunge the FOMC's vote into turmoil. In addition, it has the real potential of impacting domestic and foreign markets. The Government has provided no justification for such a grave disruption of the status quo. This is the paradigmatic example of when entering a stay would be against the public interest,

1

given "the disruptive effect of the repeated removal and reinstatement of officers during the pendency of . . . litigation." *Trump v. Wilcox*, 145 S. Ct. 1415, 1415 (2025).

All relevant considerations weigh against entering an administrative stay. In arguing that Governor Cook is not at risk of irreparable harm, the Government points to Chief Justice Roberts's recent issuance of an administrative stay in *Trump v. Slaughter*, No. 25A264, 2025 WL 2582814, (U.S. Sept. 8, 2025). But as the court below correctly noted in discussing that order, a nonprecedential administrative stay order "provides no basis to doubt the logic of *Slaughter* as applied to this case." *Cook v. Trump et al.*, No. 1:25-cv-02903, ECF 27 at 43 (citing *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J. concurring in denial of applications to vacate stay) ("Administrative stays do not typically reflect the court's consideration of the merits of the stay application.")). The precedential value of such a stay is especially limited when it is entered by a single justice rather than the full Court. *See Dep't of State v. AIDS Vaccine Advoc. Coal.*, 145 S. Ct. 753 (2025) (vacating administrative stay issued by Chief Justice Roberts); *In re Grand Jury Subpoena*, 586 U.S. 1112 (2019) (same).

In its request for an administrative stay, the government relies on the administrative stays granted in *Slaughter, Trump v. Wilcox*, No. 24A966 (U.S. Apr. 9, 2025), and *Grundmann v. Trump*, No. 25-5165 (D.C. Cir. June 18, 2025). Mot. at 4. As a threshold matter, "the Supreme Court made clear [in *Wilcox*] that its analysis

2

did not extend to the Federal Reserve Board's 'for cause' protection." ECF 27 at 22. That is because the Federal Reserve is "a uniquely structured, quasi-private entity that follows in the distinct historical tradition of the First and Second Banks of the United States." *Trump v. Wilcox*, 145 S. Ct. at 1415. The same is not true of any of the agencies at issue in those cases—the NLRB (*Wilcox*), FTC (*Slaughter*), and FLRA (*Grundmann*).

*Slaughter* is also factually distinguishable from the present case because FTC Commissioner Slaughter was fired, removed, prevented from exercising the responsibilities of her office, and sought reinstatement. Here, Governor Cook has at all times continued to fulfill her duties on the Federal Reserve Board of Governors, so entering an administrative stay would change the status quo.

The other two stay orders relied on by the Government, *Wilcox* and *Grundmann,* are equally inapposite. As the court noted below, the *Wilcox* stay "does not speak to whether Cook has adequately demonstrated irreparable harm here." ECF 27 at 42. That is because "(1) the plaintiffs [in *Wilcox*] had failed to show that they would succeed on their merits challenges, which are significantly different from Cook's, and (2) because the harms to the plaintiffs from 'being unable to perform [their] statutory dut[ies]' were outweighed by the 'greater risk of harm from an order allowing a removed officer to continue exercising the executive power.'" ECF 27 at 42 (internal citation omitted). Because "Cook's retention on the Board of Governors does not

3

offend the President's Article II authority in the way the officers' reinstatement was found to in *Wilcox* and *Boyle*" "[t]he Government's claimed injuries carry less weight here than in *Wilcox* and *Boyle.*" *Id.* at 46. And because the stay in *Grundmann* was "premised on the balance of harms theory endorsed by *Wilcox*, and did not address the merits of the plaintiffs' irreparable harm arguments it "do[es] not provide reason to doubt the district court[']s analys[i]s on that issue." *Id.* at 43 n.13.

Further, this Court yesterday, in preventing the removal of the Register of Copyrights and Director of the U.S. Copyright Office (an official with fewer protections than a Federal Reserve Governor) pending appeal, reaffirmed that there are certain instances where an officer faces greater risk of harm from being unable to perform her statutory duties than the Government faces from allowing her to continue serving in her role. *Perlmutter v. Blanche*, No. 25-5285, Order (D.C. Cir. Sept. 10, 2025). This is another such case. As the district court articulated in distinguishing this case from *Dellinger v. Bessent*, No. 25-5052, 2025 WL 887518, at *4 (D.C. Cir. Mar 10, 2025), Governor Cook's "retention on the Board of Governors does not pose the same harms" to the administration's exercise of executive power as other removal cases. ECF 27 at 44. "She is one member of a multi-member body that the Government concedes cannot be subject to policy pressure from the rest of the Executive Branch. Thus, her continued presence on the Board does not cause a similar degree of harm." *Id.* Additionally, "the Fed's most important responsibility is

4

administration of the money supply," and "administration of the money supply is not an executive function." *Consumers' Rsch. v. CPSC*, 98 F.4th 646, 656 (5th Cir. 2024) (Oldham, J., joined by seven other judges, dissenting from denial of rehearing *en banc*). Preventing the President from wresting control over this country's independent central bank does not constitute irreparable harm to the Government.

In further distinguishing this case from *Dellinger*, the district court correctly noted that whereas "in *Dellinger*, the Circuit's stay addressed only one harm to Dellinger, the deprivation of his statutory right to function in office," here Governor Cook "presents additional harms that flow from this deprivation that the D.C. Circuit did not consider, including those to the agency's independence and the possibility that President Trump will shortly move to replace her on the Board." *Cook v. Trump et al.*, No. 1:25-cv-02903, ECF 27 at 44. The court in *Dellinger* explained that the wrongful removal of Special Counsel Dellinger would not constitute irreparable harm because "at worst, Dellinger would remain out of office *for a short period of time*." 2025 WL 887518, at *4 (emphasis added). Not so here. The President has indicated he will attempt to confirm Governor Cook's permanent replacement swiftly, stating, "we have some very good people for that position" and "[w]e'll have a majority very shortly." *See Cook v. Trump et al.*, No. 1:25-cv-02903, ECF 2-1 at 18. And specifically, the President has identified Stephen Miran, whose nomination to fill a different Board seat has already been submitted to the Senate, as

5

a viable replacement for Governor Cook: "We might switch him to [Cook's seat] —it's a longer term."  As the D.C. Circuit has explained, "[t]hat could mean that, at the end of the litigation, there would be no seat available for which [Cook] could serve as even the de facto occupant." *Severino v. Biden*, 71 F.4th 1038, 1043 (D.C. Cir. 2023).  This case is thus entirely different from *Dellinger*, where "at worst," the Senate-confirmed officer "would remain out of office for a short period of time." 2025 WL 887518, at *4.  This consideration further counsels against changing the status quo by issuing an administrative stay.

These issues will be further addressed in our response to the Government's Motion for a stay pending appeal.  In the interim, an administrative stay is improper.

September 11, 2025	Respectfully Submitted,

/s/ *Abbe David Lowell*
Abbe David Lowell
David A. Kolansky*
Isabella M. Oishi
Jack Bolen*
LOWELL & ASSOCIATES, PLLC
1250 H Street, N.W., Suite 250
Washington, DC 20005
T: (202) 964-6110
F: (202) 964-6116
ALowellpublicoutreach@lowellandassociates.com
DKolansky@lowellandassociates.com
IOishi@lowellandassociates.com
JBolen@lowellandassociates.com

*Attorneys for Governor Lisa Cook*

Norman L. Eisen
Tianna J. Mays*
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
T: (202) 601-8678
norman@democracydefenders.org
tianna@democracydefenders.org

*Attorneys for Governor Lisa Cook*

\*Application for admission forthcoming

# CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P 27(D)(2)(A)

Pursuant to Fed. R. App. P. 32(g), I hereby certify that the preceding opposition brief complies with the type-volume limitation of the Rules, containing 1411 words, excluding the parts of the document exempted by Federal Rules of Appellate Procedure 32(f). I further certify that the document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365, in 14-point Times New Roman font.

*/s/ Abbe David Lowell*
Abbe David Lowell

# CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2025, I caused this document to be filed through the ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Abbe David Lowell*
Abbe David Lowell